IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO GONZALEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HACIENDA LANDSCAPING INC. and | ) |
| MARIA GUZMAN, individually | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Alejandro Gonzalez, by and through his attorneys, Becerra Law Group, LLC, for his complaint against Hacienda Landscaping Inc. and Maria Guzman, individually, (herein "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") for Defendants' failure to pay overtime wages and for taking unlawful deductions from Plaintiff and the class he seeks to represent. Plaintiff also bring claims under the Illinois Prevailing Wage Act, 820 ILCS 130/1 *et seq.* ("IPWA") for Defendants' failure to pay Illinois prevailing wage to Plaintiff and the class he seeks to represent. Plaintiff and the class he seeks to represent were directed to perform public works projects for municipal park districts in the State of Illinois but were no compensated at the generally prevailing hourly rate as set by the Illinois Department of Labor.

1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4.  Plaintiff Alejandro Gonzalez resides and is domiciled in this judicial district.

5.  Plaintiff Alejandro Gonzalez is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Alejandro Gonzalez handled goods that moved in interstate commerce and performed worked on public works projects in the state of Illinois.

6.  Defendant Hacienda Landscaping Inc. ("Hacienda"), is an Illinois corporation doing business within this judicial district. Defendant Hacienda is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7.  During the last three years, Defendant Hacienda's annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

8. Defendant Hacienda is a "contractor" or "subcontractor" awarded contracts for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

9. Defendant Hacienda was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/ and the IWPCA, 820 ILCS, 115/2.

10. Defendant Maria Guzman is the President of Hacienda and is involved in the day-to-day business operation of Hacienda. Among other things, Defendant Maria Guzman has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and she has the authority to participate in decisions regarding employee compensation and capital expenditures.

11. Defendant Maria Guzman signed Affidavits for public works projects on behalf of Hacienda declaring that "all persons employed on the public works projects had been paid the full wages earned, that no rebates have been or will be made either directly or indirectly to or on behalf of said Hacienda Landscaping Inc. from the weekly wages earned by any person, and that no deductions have been made either directly or indirectly from the fully weekly wages earned by any persons, other than permissible deductions as defined by Federal and/or State law."

12. Defendant Maria Guzman was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

13. Defendant Maria Guzman is a "contractor" or "subcontractor" awarded contracts for "public works" as defined by Section 2 of the Illinois Prevailing Wage Act, 820 ILCS 130/2.

14. Defendant Maria Guzman resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

15. Plaintiff worked as a laborer for Defendants from 2013 through July 17, 2017.

16. The majority of Plaintiff's work was installing playground equipment at public parks and schools in the state of Illinois.

17. During his employment with Defendants, Plaintiff and similarly situated employees were assigned to work and did work at parks and school districts in Aurora, Illinois; Berwyn, Illinois; Oak Park, Illinois; Skokie, Illinois; Bolingbrook, Illinois; Lansing, Illinois; Melrose Park, Illinois; Lombard, Illinois; Elmhurst Park, Illinois and others.

18. Plaintiff and similarly situated employees installed playgrounds and picnic areas in Lombard, Illinois on or about November 2016.

19. Plaintiff recalls being required to work overtime on a public works project constructing a playground in Joliet, Illinois in August 2016.

20. Plaintiff was not paid overtime at a rate of one and one-half times his regular rate for all the overtime worked in August 2016.

21. Plaintiff worked overtime at a public works project in Skokie, Illinois in November 2015 and was not paid overtime wages.

22. Other similarly situated individuals worked for Defendants and were not paid overtime wages.

23. Defendants had a scheme to deny Plaintiff and similarly situated individuals the prevailing wage they were entitled to on public works projects.

24. Defendants would pay Plaintiff and similarly situated individuals a payroll check with the appropriate wage rate and hours. The payroll check was in an envelope and on the back of the envelope was a number. This number was the amount of money Plaintiff and similarly situated individuals were expected to return to Defendants in cash.

25. Plaintiff and similarly situated individuals were paid on Fridays and expected to return a portion of their earned wages by Monday.

26. By employing this scheme, Defendants failed to pay Plaintiff and similarly situated individuals the general prevailing rate of wages for labor performed on public works projects.

27. Plaintiff and similarly situated individuals were also denied earned wages for all time worked for Defendants.

28. Plaintiff and similarly situated individuals were denied overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and similarly situated individuals.

30. Plaintiff and similarly situated individuals worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

31. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. During the course of their employment by Defendants, Plaintiff and similarly situated individuals were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

34. Other similarly situated individuals were directed by Defendants to work, and did work, in excess of 40 hours per week.

35. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and similarly situated individuals worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

36. Defendants did not compensate Plaintiff and similarly situated individuals at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

37. Defendants' failure to pay Plaintiff and similarly situated individuals overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. That this Court determine that this case may be maintained as a collective action under the FLSA;

    B.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff and similarly situated individuals worked in excess of 40 hours per week;

    C.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    D.    Reasonable attorneys' fees and costs incurred in filing this action; and

    E.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

38.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

39.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

40.    At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

41.    During the course of their employment by Defendants, Plaintiff and similarly situated individuals were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

42. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff and similarly situated individuals were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

43. Defendants failed to pay Plaintiff and similarly situated individuals one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

44. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and similarly situated individuals at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff and similarly situated individuals are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a class action;

B. A judgment in the amount of one and one-half times Plaintiff's and similarly situated individual's regular rate for all time which Plaintiff and those individuals worked in excess of 40 hours per week;

C. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

46. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff and similarly situated individuals the federally mandated minimum wages for all time worked.

47. During the course of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff and similarly situated individuals for all the time they worked bringing their hourly rate below the federal minimum wage rate.

48. Plaintiff and similarly situated individuals were entitled to be paid wages for all time worked.

49. Defendants' failure to pay Plaintiff and similarly situated individuals for all hours they worked violated the minimum wage hour provisions of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a collective action under the FLSA;

B. A judgment in the amount of unpaid wages for all hours that Plaintiff and similarly situated individuals worked;

C. Liquidated damages in an amount equal to the amount of wages for which Plaintiff and similarly situated individuals are found to be due and owing;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 49 of this Complaint, as if fully set forth herein.

50. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff and similarly situated individuals wages for all time he worked.

51. During the course of their employment with Defendants, Plaintiff and similarly situated individuals were not compensated for all the hours they worked.

52. Plaintiff and similarly situated individuals were entitled to be paid wages for all time worked.

53. Defendants' failure to pay earned wages violated the minimum wage hour provisions of the IMWL.

54. Pursuant to 820 ILCS 105/12(a), Plaintiff and similarly situated are entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. That this Court determine that this case may be maintained as a class action;

    B. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    C. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    D. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

    E. Such other and further relief as this Court deems appropriate and just.

## COUNT V
**Violation of the Illinois Wage Payment and Collection Act – Unlawful Deductions**

Plaintiff hereby reallege and incorporate paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

55. This count arises from Defendants' violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff and similarly situated individuals the prevailing wage for public works projects.

56. Plaintiff and similarly situated individuals were required to return a portion of their wages to Defendants which amounted to an unlawful deduction.

57. Defendants' requirement that Plaintiff and similarly situated individuals return a portion of their wages violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a class action;

B. A judgment in the amount of all back wages, as provided by the Illinois Wage Payment and Collection Act;

C. Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT V
**Violation of the Illinois Prevailing Wage Act**

11

Plaintiff hereby realleges and incorporates paragraphs 1 through 57 of this Complaint, as if fully set forth herein.

58. This Court has supplemental jurisdiction over the matter alleged herein pursuant to U.S.C. § 1367.

59. The matters set forth in this Count arise from Defendants' violation of the prevailing wage provisions of the IPWA (820 ILCS § 130/1, *et seq.*).

60. The Illinois Department of Labor has classified the work performed by Plaintiff and similarly situated individuals as meriting the prevailing rate of hourly wages in that locality as set by the Illinois Department of Labor.

61. Defendants were awarded contracts for public works as "contractors" or "subcontractors" and were obligated to pay Plaintiff and similarly situated individuals prevailing rate as wages for work performed on public works projects.

62. Defendants violated the IPWA by refusing to compensate Plaintiff and similarly situated individuals the prevailing rate of hourly wages for public works projects.

63. Pursuant to 820 ILCS 130/11, Plaintiff and similarly situated individuals are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2%) per month of the amount of any penalty to the State of Illinois.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. That this Court determine that this case may be maintained as a class action;

    B. A judgment in the amount of the difference between the wages paid and the prevailing wage rage for all labor on public works;

    C. Punitive damages pursuant to the formula set forth in 820 ILCS 130/11;

  C. Reasonable attorneys' fees and costs incurred in filing this action; and

  D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 27, 2018  **ALEJANDRO GONZALEZ**

By: /s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com